Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7059 | DATE | 3/28/2003 |
| CASE TITLE | Alexander vs. Reid | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Reid's motion to dismiss is granted. Defendant Reid is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 31 2003 date docketed | |
| | Notified counsel by telephone. | | | 25 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| TH | courtroom deputy's initials | 03 MAR 31 AM 9:49 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WINDSOR ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 7059 |
| v. ) | |
| ) | |
| ELLIS E. REID; PAUL BERVID; RICHARD ) | |
| DEVINE; Dr. SHAN, of the Cermak Health ) | |
| Services Division of Cook County Jail; ) | |
| CERMAK HEALTH SERVICES; COOK ) | |
| COUNTY JAIL; and COOK COUNTY, ) | |
| ILLINOIS, ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Judge:

*Pro se* Plaintiff Windsor Alexander ("Alexander") sued Defendants, alleging civil rights violations under 42 U.S.C. § 1983. Defendant Ellis E. Reid ("Reid") has moved to dismiss the complaint as it relates to him pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Reid's motion is granted.

## STANDARDS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint; it is not designed to resolve the case on the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When determining whether to grant this type of motion, a court must accept all factual allegations in the complaint as true, and draw all reasonable inferences on plaintiff's behalf. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997). A court should dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of

facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). A plaintiff cannot satisfy federal pleading requirements, however, merely by attaching bare legal conclusions to narrated facts that fail to outline the basis of his claims. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

## BACKGROUND

The relevant allegations are taken from Alexander's Amended Complaint and his Response to Reid's Motion to Dismiss.[1] For purposes of adjudicating Reid's motion to dismiss, the Court accepts these allegations as true. *Jang*, 122 F.3d at 483.

In the late 1998, Alexander appeared in Justice Reid's courtroom in connection with a lawsuit that Alexander had filed against his former employer. At the time, Reid was a Cook County Circuit Court Judge in Illinois. During the proceedings, Alexander became displeased with some of Reid's comments. Alexander, believing that Reid was biased against him, filed a petition to substitute Reid for cause under 735 ILCS 5/2-1001(3). Alexander also drafted four criminal complaints against Reid and attached them to his motion to substitute. The petition was ultimately heard by another judge and was denied. Additionally, Alexander lodged a complaint against Reid with the Judicial Inquiry Board.

Approximately three months later, Alexander's lawsuit went to trial, with Reid presiding over the action. Alexander prevailed on one of two counts. After the verdict, Reid stated that he would draft an order reflecting these judgments. The next day, Reid presented the order to the

---

[1] While a defendant must solely rely on the allegations in the complaint, a plaintiff may add new factual assertions in his response to a motion to dismiss, so long as they do not contradict his complaint. *See Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963-64 (7th Cir. 1992) (plaintiff may add consistent facts "by affidavit or brief" in order to defeat a motion to dismiss).

2

parties. He then began to comment both on Alexander's petition to substitute and the attached criminal complaints against Reid. Reid told Alexander in open court that he was a good friend of Cook County State's Attorney Richard Devine. Reid stated that Alexander should expect to be charged with a crime on the basis of Reid's filings.[2] Reid presented both parties with a copy of a letter he had drafted to Devine urging Alexander's prosecution. Later, Reid followed up on the matter with Devine, who then enlisted the aid of Paul Bervid, an Assistant State's Attorney. Bervid sought an indictment against Alexander. The grand jury returned a sixteen count indictment against Alexander for perjury and forgery. Based on these charges, Alexander was arrested on March 12, 2000 and was placed in custody in the Cook County Jail. He remained in custody until July 25, 2001, when he went to trial – representing himself – and was found not guilty verdicts on all charges.

Alexander filed a complaint against Reid, Devine, Bervid, Cermak Health Services, Dr. Shan of Cermak Health Services, Cook County Jail, and Cook County, Illinois on October 2, 2002. In his Amended Complaint, filed on February 6, 2003, Alexander brings a civil rights claim under 42 U.S.C. § 1983 against Reid, Bervid and Devine. He claims that those Defendants conspired to charge him with a crime, even though each knew that Alexander had not committed a crime.

## ANALYSIS

### I. Reid Is Entitled To Judicial Immunity

Reid has moved to dismiss the claim against him on the basis of judicial immunity. It is well established that a judge enjoys absolute immunity from liability for damages if the

---

[2] It is unclear from the allegations what was allegedly criminal about the filings.

3

complained of acts were performed (1) within his or her jurisdiction and (2) in a judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9, (1991). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967). A judge is entitled to absolute immunity even where he or she has allegedly acted maliciously and corruptly. *Id.* at 554, 87 S.Ct. at 1217. The doctrine applies in full force to Section 1983 actions. *Id.*

### A. Reid's Acts were within his Jurisdiction

As to the first prong of this test, the question is not whether Reid acted in excess of his jurisdiction, but rather whether he acted in the clear absence of jurisdiction at all. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978). The outcome of this factor is clear. Reid was the trial judge for Alexander's case.[3] The evidence upon which Reid based his referral to the state prosecutor's office was attached by Alexander to a filing in that case. Under no set of facts consistent with Plaintiff's allegations can the Court find that Reid acted in the clear absence of jurisdiction. It is irrelevant that Reid may have already entered the final order in the underlying civil case, since the referral related to matters occurring in his court. *See Dellenbach v. Letsinger*, 889 F.2d 755, 760 (7th Cir. 1989).

### B. Reid was Acting in his Judicial Capacity

To determine whether an act is performed within a judge's judicial capacity, the Court must analyze the nature of the act itself and the expectations of the parties. *Stump v. Sparkman*,

---

[3] As a circuit court judge, Reid had "original jurisdiction of all justiciable matters." Ill. Const., art. V § 9.

435 U.S. at 362, 98 S.Ct. at 1107. Acts to preserve the judicial process are within a judge's judicial capacity. *Hansen v. Bennett*, 948 F.2d 397, 403 (7th Cir. 1991). Here, the nature of Reid's actions were to preserve the judicial process by referring for prosecution someone whom he believed had committed perjury and forgery during the course of litigation before him. Such referrals are not uncommon. *See, e.g., United States v. Comiskey*, 460 F.2d 1293, 1297 (7th Cir. 1972) (judge referred suspected perjurer for prosecution). Under some circumstances, Illinois judges are even required to refer matters for appropriate disciplinary proceedings. *See* Ill. S. Ct. R. 63(B)(3).

Moreover, a judge is in a unique position to refer someone for prosecution for forgery and perjury committed in the courtroom. Unlike litigants, a judge is an unbiased person in the courtroom. Even when not a trier of fact, a judge can "evaluate and gauge credibility of witnesses." *Cook v. Gray*, 530 F.2d 133, 136 (7th Cir. 1976). Further, a judge is empowered to "exercise a discretionary judgment on the basis of evidence presented." *Imbler v. Pachtman*, 424 U.S. 409, 427 n.20, 96 S.Ct. 984, 991, 47 L.Ed.2d 128 (1976). By expressing his views to the prosecutor's office, Reid did "no more than articulate that which was apparent to him as the presiding judge." *Id.* To find that judges lose their immunity when they refer parties for prosecution would only discourage judges from upholding the sanctimony of the judicial proceedings and the courtroom.

Courts do not find that judges have acted outside their judicial capacity absent conduct that is entirely unrelated to proceedings before them. For example, the Supreme Court has held that a judge was acting within his capacity when he directed law enforcement officers to use excessive force to seize a public defender and bring him into the courtroom. *Mireles*, 502 U.S. at

12-13, 112 S.Ct. at 288. Reid's conduct is a far cry from those cases holding that a judge has not acted in his judicial capacity. *See Newman v. State of Indiana*, 129 F.3d 937, 941 (7th Cir. 1997) (finding that defendant judge that detained plaintiffs was within his judicial capacity; contrasting with cases where judge "hit [plaintiff] over the head with a hammer" or "fired his own secretary") (citations omitted).

Further, parties should expect that false and fraudulent submissions to a court may result in criminal investigations. Certainly, it could not have been a surprise here since Alexander was appearing before Reid. Alexander submitted the documents that were the subject of the forgery and perjury charges to Reid. That Reid was allegedly acting in bad faith in referring the matter for prosecution does not matter, because the relevant inquiry is the nature and function of the act – not the act itself. *Mireles*, 502 U.S. at 13, 112 S.Ct. at 288. *See also Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988) (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"). Reid was clearly acting within his judicial capacity in referring the matter for prosecution.

## II. Reid's Actions Did Not Cause Alexander To Be Deprived Of Any Federal Right

Even outside of the judicial immunity context, Alexander has not stated a cause of action under Section 1983. In order to maintain a claim under Section 1983, a plaintiff must allege (1) that some person deprived him of a federal right and (2) the person who deprived him of the right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). As to the first element, a plaintiff is required to prove that he sustained an actual injury to his federal rights and that the injuries have a causal connection with the alleged due process violation. *Berman v. Young*, 291 F.3d 976, 982 (7th Cir. 2002); *Sato v. Plunkett*, 154

F.R.D. 189, 191 (N.D. Ill. 1994) (allegation against defendant judge that he was chairman of a "bribery committee" failed because it did not allege any connection to an injury to plaintiffs) (Easterbrook, J.). Plaintiff has alleged a number of injuries that he suffered as a result of Reid's referral for prosecution. The only one that amounts to a Section 1983 injury, however, is his deprivation of liberty after he was arrested on the fraud and perjury charges. Based on Alexander's allegations, Reid could not have caused his loss of liberty as a matter of law. He is simply too far removed from the arrest and confinement.

One Seventh Circuit case provides a similar factual scenario. In *Buckley v. Fitzsimmons*, the plaintiff brought a cause of action against a prosecutor for comments that the prosecutor made about him at a press conference. The Seventh Circuit held that the plaintiff had not stated a cause of action under Section 1983 because there was no causation as a matter of law:

> Buckley believes that the accusations made at the press conference aroused the community against him, increasing the chance that the judge would order him imprisoned pending trial and reducing the chance of acquittal at trial. Yet the press conference did not itself cause adverse decisions in court. Only the prosecutor's advocacy and the judge's decisions produced the detention and trial. The injury came about because Fitzsimmons persuaded the judge to detain Buckley and because his successor in office continued the prosecution.

*Buckley*, 20 F.3d 789, 798 (7th Cir. 1994). Here, after Reid referred the matter to the State's Attorney's Office, the prosecutors decided to investigate.[4] Then, the prosecutors presented evidence to a grand jury. The grand jury found probable cause to believe that Alexander had

---

[4] The institution of a prosecution is not an independent constitutional tort. *See Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

committed crimes and returned a sixteen count indictment against him.[5] A police officer arrested Alexander. The case went before a judge, who determined that Alexander should be detained pending trial. It was the prosecutor's advocacy, the grand jury's findings, and the judge's determination that produced Plaintiff's detention. *See id.* Reid's actions did not themselves cause Alexander's indictment, arrest, or detention.[6]

## CONCLUSION

Reid is entitled to absolute judicial immunity because his conduct was within his jurisdiction and he acted in his judicial capacity. Further, Alexander has not alleged that Reid's actions caused a deprivation of any federal right. Accordingly, Defendant Reid's Motion to Dismiss is granted.

Dated: March 28, 2003

ENTERED

AMY J. ST. EVE
United States District Court Judge

---

[5] It is even arguable that the grand jury's probable cause finding breaks the causation chain on its own. *Cf. Gilbert v. Homar*, 520 U.S. 924, 934, 117 S.Ct. 1807, 1813, 138 L.Ed.2d 120 (1997) (grand jury's finding of probable cause provided shield to cause of action under § 1983).

[6] Alexander complains that Reid testified against him at trial. This allegation does not support any cause of action for two reasons. First, Alexander alleges that he successfully defended himself at trial, so there is no apparent injury. Second, a witnesses is immune from a lawsuit based on his testimony, even if it is not truthful. *Briscoe v. LaHue*, 460 U.S. 325, 345, 103 S.Ct. 1108, 1121, 75 L.Ed.2d 96 (1983) (witness cannot be sued for providing false testimony).