## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7059 | **DATE** | 8/2/2004 |
| **CASE TITLE** | Alexander vs. Reid | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Alexander's motion for compulsory joinder (R. 73-1) is denied. Alexander's motion for leave to amend count II (R. 75-1) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

No notices required, advised in open court.
No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone.
✓ Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

courtroom deputy's initials: TH ✓

Date/time received in Central Clerk's Office

AUG 3 2004

Document Number: 87

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WINDSOR ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 7059 |
| v. ) | |
| ) | |
| ELLIS E. REID; PAUL BERVID; RICHARD ) | |
| DEVINE; Dr. SHAN, of the Cermak Health ) | |
| Services Division of Cook County Jail; ) | |
| CERMAK HEALTH SERVICES; COOK ) | |
| COUNTY JAIL; and COOK COUNTY, ) | |
| ILLINOIS, ) | |
| Defendants. ) | |

**DOCKETED**
**AUG X 3 2004**

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

*Pro se* Plaintiff Windsor Alexander ("Alexander") sued Defendants, alleging civil rights violations under 42 U.S.C. § 1983. Alexander has filed a motion for compulsory joinder pursuant to Federal Rule of Civil Procedure 19 and a motion to amend Count II of his Second Amended Complaint pursuant to Rule 15. For the reasons stated herein, both motions are denied.

## LEGAL STANDARDS

Alexander has filed motions under both Rule 15 and Rule 19 of the Federal Rules of Civil Procedure.

### A. Rule 19

Rule 19(a) provides for the "joinder of persons needed for just adjudication." Fed. R. Civ. P. 19(a). A person is "necessary" when: (1) "complete relief cannot be accorded among

those already parties" without joinder of the absentee; or (2) the absentee "claims an interest relating to the subject of the action and is so situated that disposition of the action without joining the absentee may (i) as a practical matter impair or impede [the absentee's] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a)(1)-(2). A necessary absentee must be joined if feasible. *Id.*

### B. Rule 15

Under Rule 15, an amended complaint relates back to the date of the original complaint when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," or "the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision is satisfied and, . . . the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c)(2)-(3).

### BACKGROUND

The Court has previously set forth the factual background of this case in greater detail. (*See* R. 47-1, Minute Order.) On October 10, 2002, Alexander filed a complaint against Cook County Circuit Court Justice Ellis E. Reid, Cook County State's Attorney Richard Devine, Assistant State's Attorney Paul Bervid, Cermak Health Services, Dr. Shan, Cook County Department of Corrections ("CCDOC") and Cook County, Illinois ("Cook County"), alleging

2

various civil rights violations under 42 U.S.C. § 1983.

On April 11, 2003, Alexander filed a two-count Second Amended Complaint. (R. 30-1, SAC.) In Count I, Alexander alleged that Reid, Devine, and Bervid engaged in a civil conspiracy in violation of 42 U.S.C. § 1983. Because the Court dismissed Reid, Devine, and Bervid,[1] Count I is no longer at issue in this case. In Count II, Alexander alleged that Dr. Shan, CCDOC, Cook County, and Cermak Health Services violated Section 1983 by engaging in a civil conspiracy and by carrying out various unconstitutional policies.[2] (R. 30-1, SAC ¶¶ 146, 152.) Alexander further alleged in Count II that Dr. Shan refused to return Alexander to the jail's general population for five months after a judge ordered CCDOC to do so.

Dr. Shan and Cook County are the only remaining defendants, and Count II is the sole remaining count. The Court denied Dr. Shan's motion to dismiss on October 1, 2003 (R. 48-1, Minute Order) and Cook County's motion to dismiss on July 27, 2004. (R. 84-1, Minute Order). The Court dismisses CCDOC because it is a non-suable entity.[3]

---

[1] The Court granted Reid's motion to dismiss on March 28, 2003 and Devine and Bervid's motion to dismiss on September 30, 2003. (R. 25-1, Minute Order; R. 47-1, Minute Order.)

[2] Specifically, Alexander alleged that CCDOC and Cook County had a policy of sending inmates to the acute psychiatric unit thereby denying them access to the law library and writing materials.

[3] Although CCDOC failed to renew its motion to dismiss after the Court denied it as moot (R. 27-1, Minute Order), it is clear that CCDOC is a non-suable entity and that dismissal is required. To be sued in Illinois, a defendant must have a legal existence, either natural or artificial. *Jackson v. Village of Rosemont*, 180 Ill. App. 3d 932, 937-38, 536 N.E.2d 720, 723 (Ill. App. Ct. 1988). CCDOC does not enjoy a separate legal existence from Cook County and the Cook County Sheriff, and it is therefore not a suable entity. *Larsen v. Leak*, No. 90 C 7289, 1992 WL 5294, at *1 (N.D. Ill. Jan. 9, 1992); *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979).

## ANALYSIS

Alexander seeks essentially the same relief under Rule 19 and Rule 15.[4] Specifically, Alexander seeks to add the following additional defendants to Count II of the SAC (collectively, the "Additional Defendants"): (1) the unknown CCDOC personnel who ordered Alexander's psychiatric evaluations; (2) the unknown CCDOC mental health professionals who conducted psychiatric evaluations on Alexander; (3) CCDOC Superintendent Ernesto Velasco, who allegedly responded to Alexander's grievances by stating that he could not help Alexander; (4) Correctional Officer Guzman, who allegedly physically attacked Alexander on June 11, 2000; (5) Correctional Officer John Doe, who allegedly assisted Guzman in physically attacking Alexander on June 11, 2000; (6) the Cermak Health Services grievance committee; and (7) the Jane Doe nurse who allegedly administered an excessive dose of medication to Alexander in June 2000.

### I. Rule 19(a) Does Not Compel The Joinder Of The Additional Defendants

Alexander contends that the Additional Defendants are necessary in order to accord complete relief to him because he cannot seek "meaningful punitive damages" unless the Court joins the Additional Parties. (R. 73-1, Pl.'s Mot. for Compulsory Joinder at 7.) Alexander misinterprets the term "complete relief."

Alexander cannot seek punitive damages against Cook County because Cook County is a municipality. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-60, 101 S. Ct. 2748, 2756 (1981). He can, however, seek punitive damages against Dr. Shan, and he specifically requested punitive damages in his SAC. (R. 30-1, SAC ¶ 176.) *Smith v. Wade*, 461 U.S. 30, 56,

---

[4] In his motion for joinder, he seeks to join the Additional Defendants. In his motion to amend, he seeks to add paragraphs identifying the Additional Defendants, describing their conduct, and alleging punitive damages against them.

4

103 S. Ct. 1625, 1640 (1983) (A factfinder may award punitive damages against an individual in a Section 1983 action where the individual's conduct was "motivated by evil motive or intent, or where it involve[d] reckless or callous indifference to the federally protected rights of others.") Thus, Alexander seeks to join the Additional Defendants in order to recover punitive damages from defendants other than Dr. Shan.[5]

The fact that Alexander could seek additional punitive damages from the Additional Parties does not, however, render the Additional Parties "necessary." Even where certain types of relief are unavailable due to a party's absence, Rule 19(a)(1) does not mandate joinder where the Court can provide other meaningful relief. *See Wood & Locker, Inc., v. Doran and Assocs.*, 708 F. Supp. 684, 690 (W.D. Pa. 1989); 4 *Moore's Federal Practice*, § 19.03[2][d] (3d Ed. 1997); *see also Temple v. Synthes Corp.*, 498 U.S. 5, 7, 11 S. Ct. 315 (1990). Moreover, the term "complete relief" refers only to "relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992).

Joinder of the Additional Defendants is not necessary for Alexander to attain complete relief. Alexander may seek punitive damages against Dr. Shan, in addition to compensatory damages, interest, and costs against Cook County and Dr. Shan. Accordingly, joinder of the Additional Parties is improper.[6]

---

[5] Inexplicably, Alexander seeks a *lesser* amount of punitive damages in his proposed amended complaint than he previously sought in his SAC. *Compare* R. 30-1, SAC ¶ 176 (seeking punitive damages in the amount of $3,000,000) *with* R. 75-1, Pl.'s Fourth Proposed Am. Compl. ¶ 208) (seeking punitive damages in the amount of $1,000,000).

[6] Alexander does not contend that the Additional Defendants are "necessary" under Rule 19(a)(2).

5

Alexander appears to assert Rule 21 as a further basis for joinder. (*See* R. 73-1, Pl.'s Mot. for Compulsory Joinder at 5 (quoting Rule 21).) Alexander does not develop this argument. To the extent that Alexander meant to assert Rule 20, the Court rejects this argument as well. Rule 20 permits joinder of defendants in one action if: (1) the plaintiff asserts "any right to relief [jointly, severally, or in the alternative] arising out of the same transaction, occurrence, or series of occurrences"; and (2) "if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Courts have refused to permit joinder that would result in substantial delay, unduly prejudice the present defendants, introduce complicated issues into an already complex case, or join defendants on claims which could not withstand motions to dismiss or for summary judgment. *MacDermid, Inc. v. Deveco Corp.*, No. 84 C 10708, 1986 WL 4999, at *2 (N.D. Ill. Apr. 21, 1986); *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 22848968, at *4 (N.D. Ill. Dec. 1, 2003). In this case, joinder of the Additional Defendants would necessitate new discovery which would result in substantial delay. Accordingly, Alexander's motion for joinder is denied.

## II. Rule 15 Does Not Permit Alexander To Amend His Second Amended Complaint

Alexander contends that his Fourth Proposed Amended Complaint should relate back to his SAC because he "had always believed that by suing the CCDOC, Cermak, and the County, he had effectively sued all entities and individuals responsible for his injuries in Count II." (R. 75-1, Pl.'s Mot. to Amend at 4.) Defendants argue that the proposed amended complaint is too late because the statute of limitations has expired and the amended complaint does not relate back to the date of the SAC under Rule 15(c)(3). Defendants further point out that discovery has long since closed and that Defendants and the Additional Defendants would be severely prejudiced by

the eleventh-hour amendment. The Court agrees.

Alexander is too late. Rule 15(c)(3) permits an amendment to relate back to the original complaint "only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) (citation omitted). Rule 15(c)(3) does not permit relation back where "there is a lack of knowledge of the proper party." *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993). "[I]n the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)(3)] whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

Alexander filed his motion after the statute of limitations had expired. Alexander's claims are subject to a two-year statute of limitations. *Baskin*, 138 F.3d at 703; 735 ILCS 5/13-202. Alexander's cause of action accrued on July 25, 2001, and the statute of limitations expired on July 25, 2003. Although Alexander filed his SAC within the limitations period, he filed his Proposed Fourth Amended Complaint on April 2, 2004, more than eight months after the statute of limitations expired.

Alexander's Fourth Proposed Amended Complaint does not relate back to the date of his SAC because he did not make a mistake concerning the identity of the Additional Defendants. Alexander argues that, through no fault of his own, he simply was not able to identify the Additional Defendants until now, and that in any event, the Additional Defendants had sufficient notice of his claims because Cook County, CCDOC, and Cermak had notice of his claims. Therefore, Alexander argues, no one would suffer prejudice if the motion were granted.

Alexander's arguments are unpersuasive because he knew of the existence of the Additional Defendants all along. In his opening brief, Alexander represented to the Court that he personally notified the Additional Defendants — at the time they allegedly violated his rights — that he was going to take legal action.[7] The fact that Alexander did not know the Additional Defendants' identities does not excuse his failure to name them as Doe defendants in any of his previous complaints.[8] *See Baskin*, 138 F.3d at 704; *Smado v. Crawford Mfg. Co.*, 111 F.R.D. 415, 417 (N.D. Ill. 1986). Although the Court is mindful of Alexander's unrepresented status, "[e]ven *pro se* litigants must follow the rules." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002); *see also Davis v. Ruby Foods, Inc.*, No. 00 C 5578, 2002 WL 1285797, at *1 (N.D. Ill. June 11, 2002).

Alexander argues that he "had always believed that by suing the CCDOC, Cermak, and the County, he had effectively sued all entities and individuals responsible for his injuries in Count II." (R. 75-1, Pl.'s Mot. to Amend at 4.) Alexander's own actions, however, belie this argument. Alexander named Dr. Shan as an individual defendant in his original Complaint and he further alleged that Cermak, CCDOC, and/or Cook County employed Dr. Shan. Accordingly, Alexander's own pleadings establish that he knew that he was obligated to name the individual defendants in addition to the municipal entities that employed them. His failure to do so is fatal to his motion to amend.

---

[7] Alexander asserts that "Between the period from May 6, 2000 until October 2, 2000, Plaintiff constantly complained to those indicated herein . . . [and] constantly indicated that a lawsuit about this misbehavior would be filed and prosecuted." (R. 75-1, Pl.'s Mot. to Amend at 2.)

[8] Alexander has demonstrated his ability to name "Doe" defendants in his Fourth Proposed Amended Complaint.

8

Alexander suggests that he was precluded from discovering the identities of the Additional Defendants because Cook County failed to respond to his discovery requests. Alexander issued written discovery[9] to Cook County in October 2003 (three months after the statute of limitations expired), but Cook County allegedly never responded. Cook County's failure to timely respond, however, does not excuse Alexander's delay. As discussed, Alexander knew at the time his cause of action accrued that the Additional Defendants existed. Although discovery would have enabled Alexander to identify the Additional Defendants, he already knew before issuing that discovery that the Additional Defendants existed. Moreover, Alexander issued the discovery requests *after* the statute of limitations expired. Even if Cook County had responded to his discovery request, Alexander would have already missed the statute of limitations cutoff. Cook County's alleged failure to respond to his discovery requests does not excuse Alexander's delay.

Alexander's proposed amendments relating to Officers Guzman and Doe and Nurse Doe are improper for another, independent reason. The allegations regarding the alleged physical attack and the alleged dose of excessive medication do not arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Nowhere in his Complaint, Amended Complaint, or Second Amended Complaint does Alexander allege either of these incidents.

Defendants and the Additional Defendants would suffer severe prejudice by the amendment. Defendants had no notice that Alexander intended to pursue any individuals other than Dr. Shan, Dick Devine, and Paul Bervid. Defendants have been defending this case since

---

[9] Discovery closed in February 2004.

October 2002, and discovery closed over six months ago.

Finally, Alexander contends that the doctrines of equitable estoppel and equitable tolling apply. The Court disagrees. Equitable estoppel suspends the running of the statute of limitations during any period in which the defendant took active steps to prevent the plaintiff from suing, such as by promising the plaintiff not to plead the statute of limitations pending settlement talks or by concealing evidence from the plaintiff that he needed in order to determine that he had a claim. *Singletary v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 9 F.3d 1236, 1241 (7th Cir. 1993). Alexander contends that Cook County's failure to respond to discovery constituted an "active misdeed[]" that prevented Alexander from identifying the Additional Defendants. As noted, however, Alexander did not issue the written discovery until after the statute of limitations had already expired. Thus, Cook County's failure to respond to discovery could not possibly have caused Alexander to miss the statute of limitations deadline. Equitable estoppel does not apply.

For equitable tolling to apply, Alexander must show either (1) excusable ignorance of the limitations period, evidently with no prejudice to defendant; or (2) affirmative misconduct of the defendant that lulled the plaintiff into inaction. *Payne v. Cook County Hosp.*, 719 F. Supp. 730, 732 (N.D. Ill. 1989). Alexander argues that the Court "led plaintiff to believe that his allegations in Count II were sufficient to state a cause of action against all of those involved in the incidents in Count II" when the Court denied Dr. Shan's motion to dismiss. (R. 75-1, Pl.'s Mot. to Amend at 13-14.) Alexander does not explain how this Court's ruling in his favor constituted affirmative misconduct sufficient to warrant equitable tolling. Equitable tolling does not apply.

## CONCLUSION

Alexander's motion for joinder under Rule 19 is denied because the Additional Defendants are not necessary parties. Alexander's motion to amend under Rule 15 is denied because he filed the motion after the statute of limitations had expired, and the proposed amended complaint does not relate back to the date of his previous amended complaint.

DATED: August 2, 2004					ENTERED:

									_____
									AMY J. STUEVE
									United States District Court Judge