# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7059 | **DATE** | 1/7/2005 |
| **CASE TITLE** | Windsor Alexander vs. Ellis E. Reid, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion for summary judgment is granted. Status hearing set for 1/20/05 is stricken. Jury Trial set for 2/22/05 is stricken. Any other pending dates are stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 10 2005 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 106 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TH ✓ | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WINDSOR ALEXANDER, )
)
        Plaintiff, )
)
v. )
) Case No. 02 C 7059
ELLIS E. REID; PAUL BERVID; RICHARD )
DEVINE; DR. TANVEER SHAN, )
CERMAK HEALTH SERVICES; COOK )
COUNTY JAIL; and COOK COUNTY, )
ILLINOIS, )
        Defendants. )

DOCKETED
JAN 1 0 2005

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Pro se Plaintiff Windsor Alexander brings this action against Defendants alleging civil rights violations under 42 U.S.C. § 1983. In prior orders, the Court dismissed all of the named Defendants except Dr. Tanveer Shan and Cook County. Before the Court is Dr. Shan and Cook County's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the Court grants Defendants' motion.

I.    BACKGROUND FACTS

   A.    Northern District of Illinois Local Rules

When determining summary judgment motions, the Court derives background facts from the parties' Northern District of Illinois Local Rule 56.1 statements. The Local Rules provide parties with specific details as to how litigants in the Northern District of Illinois should approach summary judgment motions and responses. Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no

106

genuine issue." Local Rule 56.1(b)(3) requires the non-moving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. The parties' statements must contain short numbered paragraphs including references to the affidavits, parts of the record, and other supporting material. *Malec v. Sanford*, 191 F.R.D. 581, 583-85 (N.D.Ill. 2000). When citing to the record in legal memoranda, parties are required to cite to the numbered paragraphs of the Local Rule 56.1 statements, not to the underlying parts of the record. *Id.* at 586.

Even though the parties have partially complied with the Local Rules, both Defendants and Plaintiff did not consistently follow the Local Rules in their statements, responses, and legal memoranda. The Court notes that although courts construe pro se pleadings liberally, *see Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003), a plaintiff's pro se status does not absolve him from complying with the Local Rules. *Greer v. Board of Ed. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001); *see also McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (pro se litigants must follow clear procedural rules).

This leaves the Court with some statements and responses that do not cite specific parts of the record and legal memoranda that do not properly cite to the factual record. Statements and responses that do not properly cite to the record are subject to the Court's discretion as to their admission. *See Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997). Statements that are not contested are deemed admitted. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). With these principles in mind, the Court turns to the relevant facts of this case.

### B. Relevant Undisputed Facts

On March 12, 2000, Alexander was arrested on charges of perjury and forgery pursuant to

an arrest warrant stemming from an indictment. (R. 99-1, Pl.'s Response to Def.'s Rule 56.1 Statement, ¶ 1; R. 94-1, Def.'s Rule 56.1 Statement, ¶ 1.) Alexander was then detained at Cook County Jail in Chicago, Illinois. (*Id.*) Alexander's case proceeded to trial in July of 2001, where Alexander represented himself, along with shadow counsel, in the Circuit Court of Cook County. (Pl.'s Resp. ¶¶ 5,10; Def.'s Stmt. ¶¶ 3, 5,10, Ex. C, Alexander's Resp. to Inter. ¶ 6.) The jury found Alexander not guilty on all criminal charges. (Pl.'s Resp. ¶10; Def.'s Stmt. ¶10.)

During Alexander's pre-trial detention in Cook County Jail, he was admitted into the acute psychiatric unit of the Cermak Hospital Division of Cook County Jail in May of 2000. (Pl.'s Resp. ¶ 7; Def.'s Stmt. ¶ 7.) Although Defendant Dr. Tanveer Shan, a psychiatrist working at Cook County Jail, did not admit Alexander into the acute psychiatric unit, Dr. Shan diagnosed Alexander as having bi-polar disorder. (Pl.'s Resp. ¶ 13, Def.'s Stmt. ¶ 13, Ex. B, Shan Aff., ¶¶ 1, 9.) On October 2000, Dr. Shan released Alexander from his daily care and control and Alexander returned to the general population at the Cook County Jail. (Pl.'s Resp. ¶ 9; Def's Stmt. ¶ 9.) Dr. Tanveer Shan did not participate in Alexander's arrest, the indictment resulting in his arrest, or the decision to set Alexander's bond. (Pl.'s Resp. ¶ 3, 4; Def.'s Stmt. ¶ 3.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party

3

seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The existence of a factual dispute is not sufficient to defeat a summary judgment motion, instead the non-moving party must present definite, competent evidence to rebut the summary judgment motion. *See Vukadinovich v. Board of Sch. Trs.*, 278 F.3d 693, 699 (7th Cir. 2002) (quotation and citation omitted).

## ANALYSIS

Alexander brings this action pursuant to 42 U.S.C. § 1983 which creates a federal cause of action for "the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution or laws of the United States." *See* 42 U.S.C. § 1983; *Livadas v. Bradshaw*, 512 U.S. 107, 132, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994). Construing Alexander's pro se Second Amended Complaint liberally as the Court is required to do, *see Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003), he alleges that the Cook County Department of Corrections had an unwritten, but widespread policy of sending inmates to the acute psychiatric unit of Cermak Health Services ("Cermak"). Alexander alleges that this widespread policy deprived him from (1) defending grievances in front of the Cook County Jail Board, and (2) accessing the law library and legal materials. Furthermore, Alexander alleges that Dr. Shan conspired with the Department of Corrections to keep him at the acute psychiatric unit against his will even though Dr. Shan knew that Alexander was representing himself in a criminal matter. Accordingly, Alexander contends that Defendants conspired to deny him (1) procedural due process under the Fourteenth Amendment, (2) his First Amendment right to access the courts, and (3) his right to competent counsel under the Sixth Amendment. Finally, Alexander argues

4

that he was arrested without probable cause in violation of the Fourth Amendment.

To establish Dr. Shan's liability under Section 1983, Alexander must show that (1) he was deprived a federal right (2) caused by an action taken under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003). To establish that Cook County is liable, Alexander must show (1) he was deprived a federal right, (2) as a result of an express municipal policy, widespread custom, or deliberate act of a decision-maker for Cook County, which (3) proximately caused his injury. *Monell v. Department of Soc. Servs. of New York*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Lawrence v. Kenosha County*, 391 F.3d 837, 843 (7th Cir. 2004). Under a conspiracy theory, Alexander must demonstrate that Defendants reached an agreement to deprive him of his federal rights. *Williams v. Seniff*, 342 F.3d 774, 782 (7th Cir. 2003).

The Court turns to the threshold matter of whether Dr. Shan or Cook County deprived Alexander of his federal rights. First, Alexander claims that he was denied his First Amendment right of access to the courts, that is, the law library and legal materials, while he was in the acute psychiatric unit at Cermak. Pre-trial detainees who are offered assistance of appointed counsel and choose to represent themselves, however, do not have a constitutional right to access legal materials or law libraries. *United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000). "The rule is that he has the right to legal help through appointed counsel, and when he declines that help, other alternative rights, like access to a law library, do not spring up." *Id.* In addition, Alexander must also demonstrate that the denial of access to legal materials and the law library resulted in actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

5

Here, Alexander was successful in defending himself in his criminal matter, and thus he incurred no injury.

Next, Alexander argues that he was denied his right to effective assistance of counsel under the Sixth Amendment. Because Alexander chose to represent himself in his state court criminal action, however, he cannot later claim that he was denied competent counsel under the Sixth Amendment. *Byrd*, 208 F.3d at 593.

Alexander also claims that he was denied procedural due process in violation of the Fourteenth Amendment because his detention in the acute psychiatric unit prohibited him from defending a grievance in front of the Cook County Jail Board. Even if Alexander could establish that he has a liberty interest protected by due process under the circumstances, *see Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), he admits that after Cook County Jail initiated the hearing, the board ultimately dismissed the grievance against him. (R. 100-1, Alexander Aff., ¶ 28). Therefore, the Cook County Jail Board necessarily afforded Alexander procedural due process in the first instance.

Alexander further alleges that he was arrested without probable cause – a claim that is not supported by the record. First, Alexander admits that he was arrested as a result of a warrant stemming from an indictment. Arrest warrants based on indictments are necessarily founded on probable cause. *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997) (Fourth Amendment requires that arrest warrants be based on probable cause which is satisfied by indictment returned by grand jury). Therefore, there was probable cause to arrest Alexander. Second, because Dr. Shan did not participate in Alexander's arrest, the indictment resulting in his arrest, or the decision to set bond in the criminal matter, he could not have caused any such

deprivation of Alexander's Fourth Amendment rights. *See Hernandez*, 324 F.3d at 537. Last, even if there were any remaining individual Defendant who was involved in Alexander's arrest, the individual's liability could not be imputed to Cook County under the theory of respondeat superior because municipalities cannot be held liable on the grounds of respondeat superior in Section 1983 actions. *Monell*, 436 U.S. at 692; *Lawrence*, 391 F.3d at 843. Therefore, Alexander's probable cause claim is without merit.

As to Alexander's conspiracy theory, not only has he failed to establish a deprivation of a federal right, he has not demonstrated that Defendants had an agreement to deprive him of his constitutional rights. *See Williams*, 342 F.3d at 782 (mere speculation cannot support conspiracy theory that Defendants had requisite agreement). Although Defendants have the burden of establishing the lack of any issue of material fact in their motion for summary judgment, Alexander must present definite, competent evidence to rebut the Defendants' summary judgment motion, which he has failed to do. *See Vukadinovich*, 278 F.3d at 699.

Because the Court concludes that Defendants did not deprive Alexander of a federal right as a matter of law, the Court need not decide whether Cook County had an express policy, a common widespread practice, or that a deliberate act of a decision-maker for Cook County created a policy that pre-trial detainees should be sent to the acute psychiatric unit at Cermak instead of remaining in the general population at Cook County Jail to deprive criminal defendants of their constitutional rights. *See Lawrence*, 391 F.3d at 843.

Finally, the Court notes that Defendant Cook County's immunity argument based on the Illinois Local Government and Governmental Employees Tort Immunity Act is in error. Specifically, immunity on federal constitutional claims is a matter of federal law, not state law.

7

*Payne for Hicks v. Churchich*, 161 F.3d 1030, 1038 (7th Cir. 1998). Therefore, Defendants' argument that they have absolute immunity as a matter of state law under the Illinois Tort Immunity Act fails because this action was based on alleged violations of Alexander's federal civil rights. *Id.*

## CONCLUSION

For these reasons, the Court grants Defendants' Motion for Summary Judgment.

Date: January 7, 2004

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge